## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK
## CASE NO.:

| | |
|---|---|
| DIALLO WILLIAMS,<br><br>             Plaintiff,<br><br>    v.<br><br>MERRICK BANK CORPORATION,<br><br>             Defendant. | **COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>   1.  FCRA, 15 U.S.C. §1681 *et seq.* |

Plaintiff Diallo Williams ("Plaintiff"), by and through his undersigned attorneys, alleges the following against the Defendant MERRICK BANK CORPORATION ("Merrick Bank") alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorneys' fees brought pursuant to the Federal Fair Credit Reporting Act (FCRA) 15 U.S.C. §§ 1681a–x and for the common-law tort of defamation.

2. The FCRA exists to protect consumers' privacy and to impose upon those who trade in consumers' private information strict requirements to ensure that the information they report is as accurate as possible.

3. The Act likewise demands that consumers' disputes of inaccurate information be taken seriously by industry players, requiring that they do much more than simply pass information between themselves electronically without actually investigating the substance of a consumer's dispute and consider all information available in conducting such investigations.

## JURISDICTION

4. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. § 1367.

5. The Plaintiff is a natural person and resident of the State of New York.  He is a "consumer" as defined by 15 U.S.C. § 1681 a(c).

6. Defendant transacts business in the Southern District of New York, therefore, jurisdiction is established.

## PARTIES

7. Plaintiff is a natural person residing in Queens County, New York.

8. Plaintiff is a "consumer" as defined by the FCRA, 15 U.S.C. §1681a(c).

9. Defendant Merrick Bank is a financial institution specializing in the issuance of credit cards. Defendant's principal place of business is located in the State of Utah. Defendant is incorporated in the State of Utah.

10. Defendant is a "person," as defined under 15 U.S.C. 1681a(b) and can be served at its principal place of business 10705 South Jordan Gateway, Suite 200, South Jordan, Utah 84095.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## ALLEGATIONS

12. Credit reports, as alleged in this pleading, are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

13. Prior to the commencement of this action, Plaintiff did not owe a debt to the Defendant.

14. At no time has Plaintiff owed any debt to Defendant.

15. At no time has Plaintiff had any accounts open with Defendant.

16. At no time has Plaintiff had any personal credit accounts with Defendant.

17. At no time has Plaintiff had any personal business relationship with Defendant.

18. Given the facts delineated above, at no time has Defendant had any information in its possession to suggest that Plaintiff owed a debt to Defendant.

19. Given the facts delineated above, at no time has Defendant had any information in its possession to suggest that Plaintiff was responsible to pay a debt to Defendant.

20. On or about September 13, 2019, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit file from Trans Union, LLC, a "consumer reporting agency" as that term is defined by 15 U.S.C. §1681a(f).

21. At no time on or prior to September 13, 2019 did Plaintiff consent to Defendant accessing his individual and personal credit report.

22. On or about September 13, 2019, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit report without a legitimate business reason to do so.

23. On or about September 13, 2019, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit report impermissibly.

24. On or about September 13, 2019, despite being cognizant of the facts as delineated above, Defendant accessed Plaintiff's individual and personal credit report without first informing Plaintiff of its intent to do so.

25. On or about September 13, 2019, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant reviewed Plaintiff's private information.

26. On or about September 13, 2019, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained information relative to Plaintiff's personal and individual credit accounts.

27. On or about September 13, 2019, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained information relative to Plaintiff's payment history on her individual credit accounts.

28. On or about September 13, 2019, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained information relative to Plaintiff's credit history and credit worthiness.

29. On or about September 13, 2019, at the time Defendant accessed Plaintiff's individual and personal credit report, Plaintiff's private financial information was published to Defendant.

30. On or about September 13, 2019, at the time Defendant accessed Plaintiff's individual and personal credit report, unknown employees, representative and/or agents of Defendant viewed Plaintiff's private financial information.

31. On or about September 13, 2019, at the time Defendant accessed Plaintiff's individual and personal credit report, Defendant impermissibly obtained personal information about Plaintiff, such as her current and past addresses; date of birth; employment history; and, telephone numbers.

32. On or about September 13, 2019, at the time Defendant accessed Plaintiff's individual and personal credit report, Plaintiff's personal information, as delineated above, was

published to Defendant.

33. Defendant's conduct, as delineated above, is a violation of 15 U.S.C. §1681b(f)(1).

34. As a result of Defendant's conduct, as delineated above, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the Defendant's review of his personal information and his credit information and an injury to his credit rating and reputation. Furthermore, Plaintiff will continue to suffer the same harm for an indefinite time in the future, all to Plaintiff's great detriment and loss.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Diallo Williams, by and through his attorneys, respectfully prays for Judgment to be entered in favor of Plaintiff and against Defendant as follows:

    a.    All actual compensatory damages suffered;

    b.    Statutory damages of $1,000.00 for Defendant's violation of the FCRA.

    c.    Punitive damages;

    d.    Plaintiff's attorneys' fees and costs; and,

    e.    Any other relief deemed appropriate by this Honorable Court.

Dated: October 21, 2020
        New York, New York

Respectfully submitted,

**LAW OFFICE OF ABEL L. PIERRE,
ATTORNEY-AT-LAW, P.C.**

Attorney I.D.#AP-5508
140 Broadway, 46th Floor
New York, New York 10005
Telephone:  (212) 766-3323
Facsimile:  (212) 766-3322
abel@apierrelaw.com

**Attorney for Plaintiff**